[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff claims that the defendant insurer under a homeowners policy has failed to honor a claim for water damage to the plaintiff's premises following a heavy snowfall on or about January 9, 1999. The evidence suggests that melting snow on the roof entered the interior of the premises through improperly installed flashing and water damage was sustained to walls and flooring at several locations in plaintiff's residence. Notice was given to defendant's agent or claim department and the premises was inspected at least twice by defendants representatives. The plaintiff engaged a public adjuster to represent him in presenting the claim and in due course a partial payment was made of $2,795.65 after application of the $1000 deductible as provided for in the policy. (Plaintiff's Ex. N.) See T. p. 15-16, 12-19-00. Another area of damage claimed by the plaintiff but not accepted by the defendant was to the tile flooring in the kitchen area which is the main thrust of this lawsuit.
It is the plaintiff's claim that the water from the snow melt entered the sub-flooring, causing swelling and disruption of the tiles resulting in a number of cracked tiles. When the defendant's representative visited the plaintiff's premises soon after the report of the claim, no damage to the tiles was observed. (T. p. 10, 1/5/01.) The public adjuster testified as to loose tiles but could not testify as to cracked tiles. (T. p. 36, 12/19/00.) Upon a later inspection in July, 1999 (6 months post date of occurrence) the public adjuster testified as to several cracked tiles but was vague as to the actual damage, both as to extent and location. (T. p. 40, 12/19/00.) When the defendant's representative inspected he found water stains on the sub-flooring throughout the house under the first floor, not simply restricted to the area of the claimed tile damage. (T. p. 11, 1/5/01.) Shortly after the first inspection of the premises Mr. Biller, the public adjuster representing the plaintiff had indicated that he intended to get a "tile man" to look into the broken tiles as support CT Page 1054 for the claim but one was never produced. (T. p. 17, 1/5/01.) Upon the July inspection subsequent to the February inspection, a number of tiles were found to be broken in the kitchen area but, of significance, cracked tiles were found in the foyer where no water damage was observed. (T. pg. 20 + 49, 1/5/01.)
Also from Plaintiff's Exhibit A the damaged tiles were not in any given pattern or area but were scattered in a random pattern. The defendant in an attempt to more clearly ascertain the cause of the damaged tiles had an engineer inspect the property. He came out some fourteen months after the loss. (T. p. 45, 1/5/01.) His conclusion was that the tiles were cracking due to failure of the adhesive bond and that the cracking was not due to any single instance of water flooding or leakage. (T. p. 53, 1/5/01.)
From all of this, the court is unable to determine with any reasonable degree of probability that the damage to the tile was caused by water entering the premises as a result of the snow melt. The evidence fails to support the allegations of the plaintiff's complaint.
While it is unnecessary to address several special defenses raised by the defendant's response to the plaintiff's complaint, the court notes that at no time was a proof of loss submitted by the plaintiff or his licensed public adjuster either within the 60 days following the report of the loss as required by the policy or in fact until after the lawsuit was commenced (Def. Ex. 3.) This despite the fact that defendant's representatives specifically requested a written proof of loss on October 14, 1999. (Def. Ex. 1.) Without elaboration this court subscribes to the proposition expressed in McCarthy V. Travelers Ins. Co., Sup. Ct. Fairfield at Bridgeport, C.V.97-03454435 that the proof of loss required by the policy (Plaintiff's Ex. N.) Section I. 3 g) 13 must be filed before suit to recover against the policy is instituted.
Judgment may enter for the defendant.
 ___________________ George W. Ripley II Judge Trial Referee